IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUSTON TRANSFER & PROCESSING, LLC, a Maryland Limited Liability Company and AUSTON CONTRACTING, INC, a Maryland Corporation<br><br>         **Plaintiffs,**<br>vs<br><br>SHREDDERHOTLINE.COM COMPANY, an Illinois Corporation and DAN SCOTT BURDA<br><br>         **Defendants** | |

**COMPLAINT**

Plaintiffs, AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC bring this Complaint against Defendants, SHREDDERHOTLINE.COM COMPANY, and DAN SCOTT BURDA for violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, breach of contract and other related claims, and allege as follows:

**NATURE OF THE ACTION**

1. This case involves the breach of an agreement by Shredderhotline.com Company and its owner Dan Scott Burda to sell and deliver an Eidal Shredder 7272 with conveyor system which is an industrial tire shredder, to Plaintiffs, Auston Transfer and Processing, LLC and Auston Contracting, Inc (collectively "the AUSTON ENTITIES") for use in their scrap tire processing and recycling business, as well as Defendants, Shredderhotline.com and Dan Scott Burda obtaining payment by wire transfer of $280,000.00 for the purported Eidal Shredder 7272 by false and misleading representations when they either knew that they did not have the

shredder, knew that they were not able to sell or deliver the shredder to the AUSTON PARTIES or never intended to deliver it.

## PARTIES

2. Plaintiff, Auston Transfer & Processing, LLC ("AUSTON, LLC") is a Maryland limited liability company with its principal place of business located at 1202 Pauls Lane, Joppa, MD 21085.

3. Plaintiff, Auston Contracting, Inc, ("AUSTON, INC") is a Maryland corporation with its principal place of business located at 1202 Pauls Lane, Joppa, MD 21085. AUSTON, LLC and AUSTON, INC are related parties.

4. Defendant Shredderhotline.com Company ("SHREDDER") is a registered Illinois corporation with its principal place of business listed in state registration records as 1215 North Bloomington Street, Streator, Illinois, 61364.

5. Defendant Dan Scott Burda ("BURDA") is an individual who, on information and belief, lived and was domiciled in Streator, Illinois during the commission of the acts alleged in this Complaint and is the sole or controlling owner of Shredderhotline.com Company.

## JURISDICTION

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §1331 because it includes claims of violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) Act, 18 U.S.C. §§ 1961-1968.

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of Illinois and Maryland.

8. The Court has personal jurisdiction over Shredderhotline.com Company by virtue of it being a registered Illinois corporation with its principal place of business in Illinois, and its commission of wrongful acts within the State of Illinois.

9. The Court has personal jurisdiction over BURDA, on information and belief, by virtue of his commission of wrongful acts within the State of Illinois and also his having been domiciled in Streator, Illinois, his transaction of his affairs in Illinois, and his identification of himself as the Illinois registered agent of Shredderhotline.com Company.

## VENUE

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) and pursuant to 18 U.S.C. §1965 because, on information and belief, Shredderhotline.com Company has its principal place of business in this district, transacts business in this district, and a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, in this district, BURDA is listed as the President and registered agent of Shredderhotline.com Company with an address in the district, he transacts business in this district and a substantial portion of the events giving rise to the asserted claims have occurred and continue to occur in this district. Venue is also proper in this judicial district pursuant to 18 U.S.C. §1965

## FACTS RELEVANT TO ALL CLAIMS

11. On May 25, 2017 BURDA sent photos to Dawn Peery of the AUSTON ENTITIES of what he claimed to be a massive tire shredder and conveyor system identified as a EIDAL 7272 Q2 DAD TEXAS SERIES 002065 which he claimed to have possession of at SHREDDER's factory.

12. On May 26, 2017 SHREDDER and BURDA offered to sell an EIDAL 7272 shredder and conveyor system to Auston Transfer & Processing, LLC and Auston Contracting, Inc and deliver it to their door in Baltimore, Maryland for the price of $280,000.

13. On May 26, 2017, BURDA represented or intentionally gave the false impression in an email to Dawn Peery of the AUSTON ENTITIES that SHREDDER had an EIDAL 7272 shredder and conveyor system at SHREDDER's factory which would be shipped to the AUSTON ENTITIES in Baltimore, Maryland upon receipt of a down payment of $100,000 followed by the balance of the $280,000 purchase price and directed Dawn Peery to wire transfer payment to SHREDDER's bank in Illinois.

14. On May 31, 2017 BURDA in an email made the false representation or intentionally gave the false impression to Dawn Peery of the AUSTON ENTITIES that the EIDAL 7272 shredder and conveyor system was at the SHREDDER factory and was ready for shipment and that Dawn Peery needed to tell him immediately if the AUSTON ENTITIES wanted it or he would ship it to others.

15. In direct response to those false representations and false pretenses communicated in emails from BURDA on May 26, 2017 and May 31, 2017 and as a consequence of those false representations and false pretenses, on June 1, 2017 Dawn Peery told BURDA that AUSTON ENTITIES would purchase the shredder and would wire the down payment to SHREDDER immediately and would obtain financing for the balance of the purchase price.

16. In direct response to the false representations and false pretenses of BURDA and as a consequence of those false representations and false pretenses, on June 1, 2017 the AUSTON ENTITIES made the initial down payment for the purchase in in the form of a wire transfer in the amount of $100,000 to SHREDDER's Illinois bank account.

17. On June 1, 2017 Dawn Peery of the AUSTON ENTITIES, requested that BURDA and SHREDDER provide her with an updated invoice for the EIDAL 7272 shredder and conveyor system including the machinery's serial number so that the AUSTON ENTITIES could complete bank financing for the balance of $180,000 to be paid for the shredder.

18. In response to Dawn Peery's request for additional documentation on the shredder demanded by the AUSTON ENTITIES bank, on June 28, 2017 BURDA sent an email to the AUSTON ENTITIES stating that the Serial Number of the shredder that was being sold and would be delivered to the AUSTON ENTITIES was EIDAL 7272 Q2 DAD TEXAS SERIES 002065 and providing an invoice for the shredder as an attachment to the email.

19. The June 28, 2017 email from BURDA to Dawn Peery of the AUSTON ENTITIES was sent by BURDA to induce the AUSTON ENTITIES to make the final payment of $180,000 to SHREDDER for the EIDAL 7272 Q2 DAD TEXAS SERIES 002065.

20. At the time that BURDA and SHREDDER sent the email and invoice identifying the EIDAL 7272 Q2 DAD TEXAS SERIES 002065 as the shredder that they would deliver to the AUSTON ENTITIES, BURDA and SHREDDER knew that the statements in the email were false, that BURDA and SHREDDER did not have the EIDAL 7272 Q2 DAD TEXAS SERIES 002065 or the ability to ship the EIDAL 7272 Q2 DAD TEXAS SERIES 002065 or that the EIDAL 7272 Q2 DAD TEXAS SERIES 002065 never existed.

21. As a consequence of the June 28, 2017 email from BURDA to Dawn Peery of the AUSTON ENTITIES, on June 29, 2017 the AUSTON ENTITIES made two additional payments to SHREDDER in the form of a wire transfer of $160,000.00 and a second wire transfer in the amount of $20,000.00 to SHREDDER's Illinois bank account.

22. Despite BURDA's representation to Dawn Peery of the AUSTON ENTITIES on May 31, 2017 that the shredder was complete and ready to be shipped and would be shipped to others if the AUSTON ENTITIES did not immediately agree to purchase it and make payment, following the final payment to SHREDDER on June 29, 2017, BURDA and SHREDDER did not immediately ship the EIDAL 7272 Q2 DAD TEXAS SERIES 002065 to the AUSTON ENTITIES.

23. From June 29, 2017 through August 17, 2017 BURDA made repeated representations to Dawn Peery of the AUSTON ENTITIES about the status of delivery of the EIDAL 7272 shredder and conveyor system without providing verification or documentation of the representations.

24. BURDA made repeated vague representations in the form of emails and text messages to Dawn Peery of the AUSTON ENTITIES to give the AUSTON ENTITIES the false impression that BURDA and SHREDDER were in the process of performing on the obligation to deliver the shredder to the AUSTON ENTITIES including,

    a) July 14, 2017 - That he was getting data on the new shredder…

    b) July 24, 2017 - that he was getting a schedule..for timing..will update you this week

    c) July 31, 2017 - final review before shipment being pushed…

    d) August 3, 2017 – "estimated day of arrival in Baltimore August 23rd.

    e) August 3, 2017 – "unit is being prepared..Aug 23rd eta

    f) August 17, 2017 "Tracking..its progress..

    g) August 23, 2017 "We are tracking the unit and it is not going to be this week"

25. The EIDAL 7272 shredder and conveyor system failed to arrive on August 23, 2017 and BURDA made representations to the AUSTON ENTITIES that there was a shipping mix-up and the shredder had been delivered to Texas instead of Baltimore.

26. BURDA refused to provide the AUSTON ENTITIES with any information to document either the identity of the shipper who supposedly misdelivered the shredder or the identity or location of the person or entity who received the EIDAL 7272 shredder and conveyor system in Texas.

27. Following the August 23, 2017 failed delivery of the EIDAL 7272 shredder and conveyor system, EIDAL 7272 Q2 DAD TEXAS SERIES 002065, which BURDA had represented had been misdelivered to the unidentified location in Texas, BURDA represented to the AUSTON ENTITIES that he was preparing a replacement EIDAL 7272 shredder and conveyor system for them which was "to be next off the production line" and delivery was now expected to be from BURDA and SHREDDER's China factory on September 24, 2017.

28. BURDA and SHREDDER failed to deliver the EIDAL 7272 shredder and conveyor system on September 24, 2017 or at any time thereafter.

29. Despite repeated requests from Dawn Peery, BURDA and SHREDDER have never provided documentation or verification that either the EIDAL 7272 shredder purportedly to be delivered on August 23, 2017 or the one purportedly to be delivered on September 24, 2017 ever existed or were ever under the control of BURDA and SHREDDER to deliver to the AUSTON ENTITIES.

30. BURDA's statements, emails and texts stating or giving the false impression to Dawn Peery and the AUSTON ENTITIES that he or SHREDDER owned or controlled or at any time intended to deliver the EIDAL 7272 Q2 DAD TEXAS SERIES 002065 were at all times

false, and BURDA and SHREDDER knew that they were false, and were intended to fraudulently induce the AUSTON ENTITIES to make an initial wire transfer of $100,000 to SHREDDER on June 1, 2017 and two more wire transfers totally $180,000 to SHREDDER on June 29, 2017.

31. Following the failure of any delivery on September 24, 2017, BURDA instead of either delivering the shredder or returning the $280,000 engaged in an additional pattern and scheme of misrepresentations and false pretenses to induce the AUSTON ENTITIES to send BURDA and SHREDDER yet additional funds.

32. BURDA represented to Dawn Peery of the AUSTON ENTITIES that they could only get their $280,000 back if BURDA resold the shredder that he had sold to the AUSTON ENTITIES, which he could now sell for $380,000.

33. BURDA then represented to Dawn Peery that he was reselling the undelivered shredder to a Puerto Rico Government Group or a Mexico Government Group to make a profit for the AUSTON ENTITIES.

34. BURDA then represented that the AUSTON ENTITIES could only get the original shredder which the AUSTON ENTITIES had already purchased if they purchased an attachment to the shredder called a rasper for an additional $350,000 which he directed Dawn Peery to wire to SHREDDER.

35. BURDA and SHREDDER's statements to Dawn Peery of the AUSTON ENTITIES identified in Paragraphs 11 through 34 herein were false and fraudulent and false pretenses intended to cause the AUSTON ENTITIES to wire transfer the sum of $280,000 to BURDA and SHREDDER and after the wire transfer to divert, discourage and delay the

AUSTON ENTITIES from taking action to recover the $280,000 which BURDA and SHREDDER had fraudulently taken from them.

## COUNT I
## VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT, 18 U.S.C.A. § 1962

36. AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC incorporate by reference and repeat the allegations contained in Paragraphs 1 through 35 of the Complaint.

37. BURDA and SHREDDER acts and e-mails from May 26, 2017 through June 29, 2017 to Dawn Perry of the AUSTON ENTITIES identified in Paragraphs 11 through 21 were false, and fraudulent and intended to induce the AUSTON ENTITIES to wire funds to SHREDDER under false pretenses and formed a pattern of racketeering activity in violation of 18 U.S.C.A. § 1962.

38. BURDA and SHREDDER's false and fraudulent emails to Dawn Perry of the AUSTON ENTITIES identified in Paragraphs 11 through 21 were a scheme or artifice to defraud, or for obtaining money in the form of a wire transfer of $100,000 by means of false or fraudulent pretenses, representations, or promises transmitted by means of wire communication in violation of 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television) and constituting racketeering activity pursuant to 18 U.S.C.A. § 1961.

39. BURDA and SHREDDER's false and fraudulent emails to Dawn Perry of the AUSTON ENTITIES identified in Paragraphs 11 through 21 were a scheme or artifice to defraud, or for obtaining money in the form of a wire transfers totaling $180,000 by means of false or fraudulent pretenses, representations, or promises transmitted by means of wire communication in violation of 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television) and constituting racketeering activity pursuant to 18 U.S.C.A. § 1961.

40. BURDA and SHREDDER's false and fraudulent emails to Dawn Perry of the AUSTON ENTITIES identified in Paragraphs 11 through 21 were a scheme or artifice to defraud, the AUSTON ENTITIES and for obtaining money in the form of a wire transfer of $350,000 by means of false or fraudulent pretenses, representations, or promises transmitted by means of wire communication in violation of 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television) and constituting racketeering activity pursuant to 18 U.S.C.A. § 1961.

41. As a proximate result of the racketeering activity identified in Paragraphs 37 through 40 the AUSTON ENTITIES have been damaged in the amount of $280,000 plus the financing costs.

Wherefore, pursuant to 18 U.S.C.A. § 1964, Plaintiffs, AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC, pray for judgment against Defendants, SHREDDERHOTLINE.COM COMPANY, and DAN SCOTT BURDA and each of them,

    (a) For $840,000 representing threefold the damages of $280,000 sustained by them,

    (b) For threefold the amount of financing costs incurred by them in connection with the payment of $280,000 to the Defendants,

    (c) For their reasonable attorneys' fees and costs of suit.

## COUNT II
## BREACH OF CONTRACT

42. AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC incorporate by reference and repeat the allegations contained in Paragraphs 1 through 35 of the Complaint.

43. On or about May 26, 2017 Plaintiffs, AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC entered into an agreement with

SHREDDERHOTLINE.COM COMPANY and DAN SCOTT BURDA for the purchase and delivery of an EIDAL 7272 Q2 DAD TEXAS SERIES 002065 tire shredder for the purchase price of $280,000 pursuant to invoice. A copy of the invoice is attached hereto as Exhibit A.

44. Plaintiffs, AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC fulfilled all conditions precedent of the agreement on their part including the payment of the full purchase price.

45. Despite repeated demands, SHREDDERHOTLINE.COM COMPANY and DAN SCOTT BURDA, and each of them, have failed and refused to deliver the EIDAL 7272 Q2 DAD TEXAS SERIES 002065 shredder to the AUSTON ENTITIES or to return the funds paid by the AUSTON ENTITIES pursuant to the agreement.

46. As a proximate result of the failure of SHREDDERHOTLINE.COM COMPANY and DAN SCOTT BURDA, and each of them to deliver the EIDAL 7272 Q2 DAD TEXAS SERIES 002065 shredder or to return the $280,000 in funds paid for the shredder, SHREDDERHOTLINE.COM COMPANY and DAN SCOTT BURDA, and each of them have breached the agreement.

47. As a proximate result of the breach of the agreement identified in Paragraph 46, Plaintiffs, AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC have been damaged in an amount in excess of $280,000 plus their financing costs.

Wherefore, Plaintiffs, AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC, **pray for judgment against Defendant**, SHREDDERHOTLINE.COM COMPANY and DAN SCOTT BURDA, and each of them,

       (a) For compensatory damages, in such sum of money in excess of $280,000 as shall represent fair and just compensation.

       (b) For the costs of this action

## COUNT III
## VIOLATION OF DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/1FF

48. AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC incorporate by reference and repeat the allegations contained in Paragraphs 1 through 35 of the Complaint.

49. BURDA and SHREDDER's false and fraudulent emails to Dawn Perry of the AUSTON ENTITIES identified in Paragraphs 11 through 21 were a scheme or artifice to defraud, or for obtaining money in the form of a wire transfer of $100,000 by means of false or fraudulent pretenses, representations, or promises transmitted by means of wire communication in violation of 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television) constituted unlawful practices pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2.

50. BURDA and SHREDDER's false and fraudulent emails to Dawn Perry of the AUSTON ENTITIES identified in Paragraphs 11 through 21 were a scheme or artifice to defraud, or for obtaining money in the form of a wire transfers totaling $180,000 by means of false or fraudulent pretenses, representations, or promises transmitted by means of wire communication in violation of 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television) and constituted unlawful practices pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2.

51. BURDA and SHREDDER's false and fraudulent emails to Dawn Perry of the AUSTON ENTITIES identified in Paragraphs 11 through 35 were a scheme or artifice to defraud, the AUSTON ENTITIES and for obtaining money in the form of a wire transfer of $350,000 by means of false or fraudulent pretenses, representations, or promises transmitted by

means of wire communication in violation of 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television) constituted unlawful practices pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2.

52. Defendants, BURDA and SHREDDER, and each of them knowingly and intentionally committed the violations of the Illinois Consumer Fraud and Deceptive Business Practices Act identified in Paragraphs 49 through 51 herein.

53. Defendants, BURDA and SHREDDER, and each of their violations of the Illinois Consumer Fraud and Deceptive Business Practices Act identified in Paragraphs 49 through 51 herein constitute deceptive practices.

54. Plaintiffs, AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC, suffered actual damages as a result of Defendants, BURDA and SHREDDER, and each of their violations of the Illinois Consumer Fraud and Deceptive Business Practices Act identified in Paragraphs 49 through 51 herein.

55. Pursuant to 815 ILCS 505/10a (d) a copy of this Complaint was served contemporaneously with the filing of this lawsuit on the Illinois Attorney General via first class U.S. Mail.

56. As a proximate result of the violations of the Illinois Consumer Fraud and Deceptive Business Practices Act 805 ILCS 505/2 identified in Paragraphs 49 through 51 herein above Plaintiff has been damaged in an amount in excess of $280,000.

57. As a proximate result of the violations of the Illinois Consumer Fraud and Deceptive Business Practices Act identified in Paragraphs 49 through 51 herein above Plaintiffs are entitled to punitive damages from Defendants, SHREDDERHOTLINE.COM COMPANY, and DAN SCOTT BURDA, and each of them.

WHEREFORE, Plaintiff prays for judgment against Defendants, SHREDDERHOTLINE.COM COMPANY, and each of them.

    (a)    For compensatory damages, in such sum of money in excess of $280,000 as shall represent fair and just compensation.

    (b)    For punitive or exemplary damages pursuant to statute.

    (c)    For injunctive relief permanently prohibiting the Defendants from engaging in business in the State of Illinois.

DATED: December 30 2019

Respectfully Submitted,
John J. O'Leary  ARDC #3128102
O'LEARY LAW FIRM, LLC

 /S/ John J. O'Leary
John J. O'Leary, ARDC #3128102
Attorney for Plaintiffs, AUSTON TRANSFER & PROCESSING, LLC, and AUSTON CONTRACTING, INC

O'LEARY LAW FIRM, LLC
20 North Clark Street; Suite 850
Chicago, Illinois  60602
312-782-8807 Telephone
312-782-8744 Facsimile
Email:  joleary@olearylawfirm.com

**SHREDDERHOTLINE WORLDWIDE**
USA CORPORATIONS FOR USA IN ILLINOIS, FLORIDA AND OREGON
Canada Address
318 Portland Avenue
Ville Mont Royal Canada H3R1V5
Phone 514-742-8122 CANADA
Phone 815-674-5802 WORLDWIDE

USA Address
1215 North Bloomington Street
Streator Illinois 61364
815-674-5802

EXHIBIT A

14325C
INVOICE DATA

DATE OF PRINTING June 28, 2017
DATE OF INVOICE FIRST SEND - May 26, 2017

Bill To: AUSTON TRANSFER AND PROCESSING/AUSTIN CONTRACTING INC
1202 PAULS LANE
JOPPA MD 20185
DAWN PERRY 410-365-2021

Ship To:
SAME AS BILL TO DATA
OR AS ADVISED
AND AS INSTRUCTED
FOB OR TO CLOSEST PORT
OR AS PAID
TO CLIENT GATE
THIS IS A CLIENT GATE PROJECT

SEE WIRE TRANSFER DATA ATTACHED TO THIS DATA
WIRE DATA - USD FUNDS ONLY TO USA ACCOUNT OR AS DIRECTED
ALL FUNDS IN USD
Comments or Special Instructions:

| SALESPERSON | P.O. NUMBER | SHIP DATE | SHIP VIA | F.O.B. POINT | TERMS |
|---|---|---|---|---|---|
| DAN BURDA | AS PROVIDED | ASAP | DELIVERY TO BALTIMORE CLIENT | CLIENT DOOR | FOB |

| QUANTITY | DESCRIPTION | QTY PER SET | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | ENGINEERING ADMIN FEE FOR NEW OR USED SALE COORDINATION | 0 | $4,500.00 | $0.00 |
| 1 | 7272 INFEED RUBBER BELT CONVEYOR PACKAGE FOR TIRES | 1 | $15,000.00 | $15,000.00 |
| 1 | 7272 DISCHARGE RUBBER BELT CONVEYOR PACKAGE FOR TIRES | 1 | $15,000.00 | $15,000.00 |
| 1 | 7272 EIDAL Q2 SERIES 90,000 POUND 150 HP SHREDDER | 1 | $250,000.00 | $250,000.00 |
| 0 | CONTAINER SHIPMENT OF SHREDDER HEAD AND CONVEYORS | 4 | $5,000.00 | $0.00 |
| 0 | SHIPPING INCLUDED IN TOTAL COST FOR IMMEDIATE MOVEMENT TO CLIENT | 0 | $4,800.00 | $0.00 |
| 0 | SERIAL NUMBER : EIDAL 7272 Q2 DAD TEXAS SERIES 002065 | 0 | $265.00 | $0.00 |
| 0 | | 0 | $7,500.00 | $0.00 |
| 0 | | 0 | $11,000.00 | $0.00 |
| 0 | | 0 | $5,500.00 | $0.00 |
| 0 | | 0 | $5,500.00 | $0.00 |
| 0 | | 0 | $18,900.00 | $0.00 |
| 0 | | 0 | $6,600.00 | $0.00 |
| 0 | | 0 | $875.00 | $0.00 |
| 0 | | 0 | $165.00 | $0.00 |
| 0 | | 0 | $264.00 | $0.00 |
| 0 | | 0 | $1,650.00 | $0.00 |
| 0 | | 0 | $6,000.00 | $0.00 |
| 0 | | 0 | $3,100.00 | $0.00 |
| 0 | | 0 | $5,200.00 | $0.00 |
| 0 | | 0 | $245.00 | $0.00 |
| 0 | | 0 | $650.00 | $0.00 |
| | SYSTEM REQUIRES 4 CONTAINERS FOR SHIPMENT OF SYSTEM | 0 | SUBTOTAL USD | $280,000.00 |
| | | 0 | US IMPORT TAX RATE | 0.00% |
| | IMPORT DUTY AND IMPORT FEES PAID BUY BUYER NORMALLY $1,500.00 | | STATE SALES TAX | AS INCURRED |
| | | | SHIPPING & HANDLING | AS INCURRED |
| | EMAIL DATA, TERMS AND CONDITIONS APPLY | | ORDER TOTAL USD | $280,000.00 |
| | DUTY AND INSURANCE AND BOND NORMALLY | | DOWNPAYMENT PAID 1 JUNE | $100,000.00 |
| | APPROX $1,500.00 OR LESS, PLUS SHIPPING AND OFFLOADING CONTAINER FEES | | TOTAL PAID TO DATE | $100,000.00 |
| | STATE SALES TAX, CUSTOMS INSPECTION AND OVETIME FEES PAID BY BUYER | | | |
| | 2 YEAR WARRANTY PUBLISHED ON WEBSITE | | | |

THANK YOU FOR YOUR BUSINESS!